**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TOOMEY ANDERSON,                                  :
          Plaintiff,                             :
                              :
          v.                                          :      Civil Action No._____
                              :
ALLENTOWN SCHOOL DISTRICT,       :
          Defendant.                           :      JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Toomey Anderson ("Plaintiff" or "Mr. Anderson"), by and through undersigned counsel, complains against Defendant Allentown School District ("Defendant," "ASD," or the "District") and alleges as follows:

## NATURE OF THE ACTION

1.    This is an employment civil rights action arising from Defendant's deliberate and intentional race discrimination against Plaintiff, an African American male, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981 and 1983; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

2.    Defendant subjected Plaintiff to disparate treatment, false accusations of fraud, ethics violations, immorality, misuse and theft of services and resources, and "time theft," suspension without pay, constructive discharge through coerced resignation, and refusal to rehire or place him into another position, because of his race.

3. Defendant's actions were taken pursuant to municipal customs, policies, practices, and decisions of final policymakers, rendering Defendant liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under federal civil rights statutes, including 42 U.S.C. §§ 1981 and 1983.

5. This Court has supplemental jurisdiction over Plaintiff's PHRA claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within the Eastern District of Pennsylvania.

## PROCEDURAL PREREQUISITES

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), docketed at EEOC Charge No. 530-2025-02431.

8. Plaintiff received a Notice of Right to Sue from the EEOC.

9. Plaintiff has exhausted all administrative prerequisites to suit.

## FACTS

10. Plaintiff Toomey Anderson is an African American male residing in Allentown, Pennsylvania.

11. Defendant Allentown School District is a public school district organized and existing under Pennsylvania law, with its principal offices located at 31 South Penn Street, Allentown, Pennsylvania 18102.

12. At all relevant times, Defendant acted under color of state law and through its employees, executives, administrators, and final policymakers, including its Superintendent and Board of Directors.

13. Plaintiff began employment with Defendant in or about February 2022.

14. Plaintiff served as the District's K–12 Coordinator of Activities and Athletics.

15. Plaintiff received yearly employment contracts in 2022, 2023, and 2024.

16. Throughout his tenure, Plaintiff consistently performed his job duties competently and met Defendant's legitimate expectations, and was advised by senior human resources leadership that he was doing an excellent job.

17. Plaintiff's duties included facilitating and coordinating community use of the District's facilities and working with community partners and programs.

18.    With Defendant's knowledge and longstanding approval, Plaintiff facilitated the use of District gyms for Awesome Fest, a recurring community athletic event associated with Camp Awesome, LLC.

19.    For several years prior to 2024, Defendant did not require facilities-use or rental forms for the District's gyms use for Awesome Fest.

20.    In 2024, Defendant selectively enforced and weaponized a facilities-use policy against Plaintiff that had not been enforced in prior years.

21.    In 2024, a facilities-use or rental form relating to Awesome Fest was required and processed through Defendant's established administrative channels.

22.    Plaintiff did not draft the facilities-use form, did not determine its contents, did not set or calculate facilities-use fees, and did not control how or when the form was submitted or used for administrative purposes.

23.    The facilities-use form for Awesome Fest in 2024 was prepared by a White administrator within the District, and District administrators reviewed, processed, approved, and assessed charges pursuant to Defendant's ordinary procedures.

24.    District administrators were on actual notice of the facilities-use arrangement and its contents prior to the event.

25.    White employees, ASD-affiliated teams, booster-club–supported programs, and other District affiliates were permitted to use District athletic

facilities free of charge or at discounted rates under similar circumstances without being accused of wrongdoing, fraud, or misconduct.

26.    Defendant falsely accused Plaintiff of fraud, ethics violations, immorality, misuse and theft of services and resources, and "time theft."

27.    Defendant further claimed that the Awesome Fest form resulted in an undercharge for facility use and characterized that alleged undercharge as a financial loss caused by Plaintiff.

28.    Plaintiff promptly and consistently explained that he did not prepare or submit the form, that a White employee had completed it, and that any discrepancy was administrative or clerical at most.

29.    Plaintiff further advised Defendant that Awesome Fest offered to promptly rectify or adjust any fee Defendant believed should have been assessed.

30.    Despite this explanation, and despite administrators' prior review and approval of the facilities-use arrangement, Defendant treated the matter as intentional misconduct by Plaintiff.

31.    Defendant failed to discipline the individual or individuals who prepared or processed the facilities-use form for Awesome Fest and failed to discipline similarly situated White employees.

32.    Defendant publicly and internally accused Plaintiff of dishonest conduct, fraud, immorality, misuse and theft of services, and "time theft," damaging his reputation and professional standing.

33.    On or about September 12, 2024, Defendant issued Plaintiff a Notice of Loudermill Hearing scheduling the hearing for September 13, 2024, providing very short notice and did not allow Mr. Anderson to have any representation at the hearing.

34.    The Loudermill process restricted Plaintiff's ability to be represented by legal counsel and allowed only the presence of an Act 93 representative.

35.    Defendant convened the Loudermill hearing on September 13, 2024, regarding allegations of fraud, immorality, ethics violations, misuse of resources, and "time theft."

36.    Defendant issued findings and conclusions immediately or shortly after the hearing, reflecting that the outcome had been predetermined.

37.    On or about September 17, 2024, Defendant placed Plaintiff on administrative leave and suspended him without pay.

38.    Defendant asserted that Plaintiff had engaged in intentional misconduct and characterized his alleged actions as a "clear theft of services."

39.    White employees were not accused of alleged theft of time for performing non-Allentown School District related work or disciplined for it.

40. Defendant demanded that Plaintiff remit alleged Awesome Fest proceeds and pay reclassified facilities-use charges by a specified deadline, under threat of legal action, interest, and further disciplinary consequences.

41. Defendant informed Plaintiff that termination would be recommended to the Board of Directors if he did not resign.

42. Plaintiff was pressured to resign to avoid inevitable termination.

43. A reasonable person in Plaintiff's position would have felt compelled to resign.

44. Plaintiff resigned on September 24, 2024, constituting a constructive discharge.

45. Prior to Plaintiff's constructive discharge, Defendant sought to fill a College Career / GEAR UP–related administrative position.

46. Plaintiff applied for the position and met all posted qualifications.

47. During the interview process, Plaintiff was informed that he was a leading or top candidate for the position.

48. Defendant's administrators and decisionmakers were aware of Plaintiff's race and of the accusations Defendant had asserted against him.

49. Despite Plaintiff's qualifications and candidacy, Defendant declined to place or hire Plaintiff into the position and instead selected a White female candidate.

50.    Defendant's refusal to place or hire Plaintiff was motivated by race and by the same discriminatory animus that culminated in Plaintiff's constructive discharge.

51.    Defendant treated Plaintiff in a demeaning, stigmatizing, and disparate manner not applied to similarly situated White administrators.

## COUNT I
## TITLE VII RACE DISCRIMINATION

52.    Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53.    Plaintiff is a member of a protected class.

54.    Plaintiff was qualified for his position and for the positions for which he later applied.

55.    Plaintiff suffered adverse employment actions including unpaid suspension, constructive discharge, and refusal to rehire or place him into another position.

56.    Similarly situated White employees were treated more favorably.

57.    Defendant took the foregoing actions because of Plaintiff's race.

58.    Defendant's conduct was intentional, willful, and in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendant under Title VII and seeks all relief available by law, including reinstatement or front pay, back

pay, compensatory damages, damages for emotional distress, prejudgment and post judgment interest, attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## 42 U.S.C. §§ 1981 AND 1983

59.    Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60.    Plaintiff is an African American male and member of a racial minority.

61.    Defendant intentionally discriminated against Plaintiff on the basis of race with respect to the terms, conditions, and privileges of his employment.

62.    Defendant interfered with Plaintiff's rights under 42 U.S.C. § 1981 to make, perform, modify, and enforce contracts, including his employment contract and future employment opportunities.

63.    Defendant acted under color of state law through its employees, administrators, and final policymakers.

64.    Defendant's discriminatory acts were taken pursuant to official policies, customs, and practices, and were ratified by final policymakers, rendering Defendant liable under Monell.

65.    Defendant deprived Plaintiff of rights secured by the Equal Protection Clause and § 1981, enforceable through § 1983.

66.    Defendant's conduct was intentional, willful, and undertaken with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendant under 42 U.S.C. §§ 1981 and 1983 and seeks compensatory damages, emotional distress damages, declaratory and injunctive relief, attorneys' fees and costs under 42 U.S.C. § 1988, interest, and all other appropriate relief.

## COUNT III
## PHRA RACE DISCRIMINATION

67.    Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68.    Plaintiff is a member of a protected class under the PHRA.

69.    Plaintiff was qualified for his position and for the positions for which he applied.

70.    Defendant took adverse employment actions against Plaintiff because of his race.

71.    Defendant's conduct violated the PHRA.

WHEREFORE, Plaintiff demands judgment against Defendant under the PHRA and seeks compensatory damages, damages for humiliation and emotional distress, attorneys' fees and costs, interest, equitable relief, and all other relief available under Pennsylvania law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**BROUGHAL & DeVITO, L.L.P.**

Dated:    5/05/2026          By:    /s/ John S. Harrison
JOHN S. HARRISON, ESQUIRE
Attorney I.D. No. 53864
ERIKA A. FARKAS, ESQUIRE
Attorney I.D. No. 313686
38 West Market Street
Bethlehem, PA 18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
*Attorneys for Plaintiff*